1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY R. KAZMAN, on behalf of himself and others similarly situated, | CASE NO. C11-1210 RSM |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO DISMISS |
| v. | |
| LAND TITLE COMPANY, | |
| Defendant. | |

## I. INTRODUCTION

This is a class action lawsuit on behalf of Plaintiff Anthony R. Kazman ("Kazman") and all others similarly situated against Defendant Land Title Company ("Land Title") for various claims of liability. Dkt. # 14, Ex. 8 at 5-7. This matter comes before the Court upon Defendant's Rule 12(c) Motion to Dismiss. Dkt. # 26. For the reasons set forth below, Defendant's motion is denied.

# II. BACKGROUND

## A. Statement of Facts

Plaintiff, Anthony R. Kazman is a resident of Kitsap County, Washington. He is bringing this class action lawsuit against Land Title Company, d/b/a Land Title Escrow, for a breach of Contract, a breach of the duty of good faith and fair dealing, a violation of Washington's Consumer Protection Act ("CPA") under RCW Title 19.86, a breach of fiduciary duty, and unjust enrichment.

Land Title is an escrow company with its principal place of business in Bremerton, Washington. Land Title provides title insurance, escrow and closing services, and related real estate services to customers within the State of Washington and elsewhere.

In 2007, Plaintiff sought to refinance his home by securing a new home loan from American Home Key, Inc. ("AHK") in order to pay off two existing loans secured by deeds of trust, one with National City Mortgage and the other with Peninsula Credit Union ("PCFCU"). Defendant acted as the escrow agent for the transaction and prepared a settlement statement, also known as a HUD-1, for the Plaintiff identified as Escrow No. E218536PL and dated June 18, 2007 (the "Settlement Statement").[1] The Settlement Statement was prepared and signed by

---

[1] Defendant attached four settlement statements to its Motion to Dismiss: an estimated settlement statement No. E-218536PL dated June 12, 2007, Dkt. # 26-1, App. 35-36, a final settlement statement No. E-218536PL dated June 18, 2007, *id.* at App. 7-8, an estimated settlement statement No. E-218536APL dated June 12, 2007, *id.* at App. 16-17, and a final settlement statement No. E218536APL dated June 18, 2007, *id.* at App. 10-11. For purposes this ruling, the Court only considered the final settlement statement No. E-218536PL dated June 18, 2007, because that is the only statement referenced in Plaintiff's complaint. Dkt. # 14, Ex. 8 at 3.

1   Defendant on June 18, 2007,[2] and the deeds of trust were reconveyed by National City Mortgage

2   and PCFCU on July 3 and June 22, 2007, respectively.

3           Defendant prepared the Settlement Statement pursuant to the Escrow Instructions signed

4   by Plaintiff on June 12, 2007. Dkt. # 26-1, App. 13-15. The Escrow Instructions are identified as

5   document No. E-218536.PDF/E-218536/20. *Id.* The Escrow Instructions cover a wide range of

6   topics including the following:

7           TERMS OF FINANCING TRANSACTION The terms and conditions of the
            financing transaction which is the subject of these instructions . . . are set forth in
8           the loan commitment or other written document or agreement . . . (referred to
            herein as the "parties' agreement"), which is made part of these instructions by
9           this reference. . . . These instructions are not intended to amend[,] modify[,] or
            supersede the terms and conditions of the parties' agreement and if there is any
10          conflict or inconsistency between these instructions and the parties' agreement,
            the terms and conditions of the parties' agreement shall control.

11
            SETTLEMENT STATEMENT The settlement agent is instructed to prepare a
12          settlement statement showing all funds deposited for the account of each of the
            parties and the proposed disbursements from such funds. No funds shall be
13          disbursed until the parties have examined and approved the settlement statement.
            *Some items may be estimated, and the final amount of each estimated item will be*
14          *adjusted to the exact amount required to be paid at the time of disbursement.* The
            settlement statement will be subject to audit and any errors or omissions may be
15          corrected at any time. If any monetary error is found, *the amount will be*
            *immediately paid by the party liable for such payment to the party entitled to*
16          *receive it.*

17          SETTLEMENT AGENT'S FEES AND EXPENSES The settlement agent's fee is
            intended as compensation for the services set forth in these instructions. *If*
18          *additional services are required to comply with any change or addition to the*
            *parties' agreement or these instructions, or as a result of any party's assignment*
19          of interest or delay in performance, the parties agree to pay a reasonable
            additional fee for such services. The parties shall also reimburse the settlement
20          agent for any out-of-pocket costs and expenses *incurred* by it under these
            instructions.

21

22   _____

23   [2] The Court notes that the copy of the Settlement Statement, No. E-218536PL dated June 18,
     2007, is not signed or dated by Plaintiff. Dkt. # 26-1, App. 7-8. However, the parties have not
24   raised the omission in their pleadings or motion.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 3

1    RECONVEYANCE AUTHORIZATION: ACS Northwest, Inc. is hereby
2    authorized to receive information on my/our behalf in order to obtain release or
     reconveyance documents on my/our loan(s) without further written approval from
3    the undersigned.

4    *Id.* (emphasis added). AHK provided Specific Closing Instructions to Defendant that

5    included American Home Key's "ESTIMATE OF FEES AND COSTS." *Id.* at App. 21-22.

6    Defendant prepared the Settlement Statement listing the final charges to be paid by

7    Plaintiff. These charges included $230.00 for "Recon Fee/ACS/Land Title" payable to ACS

8    Northwest, Inc. and $60.00 for "Express Mail/Courier Fee" payable to Defendant. *Id.* at App. 8.

9    The Settlement Statement provided that it was "*furnished to give you a statement of actual*

10   *settlement costs*" and that the "[*a*]*mounts paid to and by the settlement agent are shown.*" *Id.* at

11   App. 7 (emphasis in original). The settlement agent certified that the Settlement Statement is "A

12   TRUE AND ACCURATE ACCOUNT OF THE FUNDS WHICH WERE RECEIVED AND

13   HAVE BEEN OR WILL BE DISBURSED." *Id.*

14   Plaintiff alleges that Defendant was not required to prepare or record any reconveyance

15   documents. Plaintiff contends that National City Mortgage and PCFCU were responsible for

16   preparing and recording the reconveyance documents. Thus, Plaintiff claims that Defendant

17   impermissibly charged a $230.00 fee for a service Defendant did not provide. Plaintiff also

18   alleges that Defendant overcharged for the $60.00 "Express/Mail/Courier Fee" and that there is

19   no record of the true cost of the service. Finally, Plaintiff alleges that members of the putative

20   class were similarly charged or overcharged by Defendant.

21   Defendant moves to dismiss, claiming that Plaintiff has failed to plead sufficient facts to

22   establish a claim for which relief may be granted.

23

24

# III. DISCUSSION

## A. Standard of Review

The Court reviews a Rule 12(c) motion to dismiss under the same standards as a Rule 12(b)(6) motion. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011). In the context of a Rule 12(b)(6) motion, the Court's review is generally limited to the contents of the complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). However, the Court may consider documents outside the pleadings when the contents of the documents are referenced extensively in the complaint, the contents of the documents form the basis of the plaintiff's complaint, *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998), *superseded by statute on other grounds*, 28 U.S.C. § 1453(b), *as recognized in*, *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006), or the Court takes judicial notice of the contents because they are a matter of public record, *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).  Because the escrow instructions and settlement documents form the basis for Plaintiff's claims, they have been considered by the Court for purposes of ruling on Defendant's motion to dismiss.

In considering a Rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has alleged sufficient facts to state a claim for relief which is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if the plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556).  In making this assessment, the Court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted).  The Court is not, however, bound to accept the plaintiff's legal

conclusions. *Iqbal*, 129 S. Ct. at 1949-50. While detailed factual allegations are not necessary, the plaintiff must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

## B. Breach of Contract

Defendant contends that Plaintiff's breach of contract claim must be dismissed because Plaintiff cannot point to any portion of the contract that Defendant breached. Dkt. # 26, 9. Defendant argues that the Escrow Instructions permit Defendant to charge for "out-of-pocket" expenses which "constitute 'additional services' [for which] the parties agree[d] to pay [Defendant] 'a reasonable fee.'" *Id.* at 7. Defendant's general claim is that it did not breach its contract with Plaintiff because it was allowed to charge for the additional fees. *Id.* at 8. However, Defendant misconstrues Plaintiffs claim.

Plaintiff does not allege that Defendant was not allowed to charge for additional services or costs actually incurred. Rather, Plaintiff alleges that Defendant did not conduct any additional services or incur any additional costs for which payment would have been required; therefore, the additional fees were impermissible under the contract. Dkt. # 14, Ex. 8 at ¶27. Taking Plaintiff's factual allegations as true, Plaintiff has stated a plausible claim for breach of contract.

Defendant urges the Court to conduct a factual inquiry and apply similar reasoning as the courts in *Contos v. Wells Fargo Escrow Co., LLC*, No. C08-838Z, 2009 WL 1475017, at *12 (W.D. Wash. May 20, 2009), and *Sageser v. Stewart Title of Seattle, LLC*, No. C09-582RAJ, 2011 WL 6055421, at *2-3 (W.D. Wash. Dec. 6, 2011). However, the motions before the courts in those cases were for summary judgment which requires a more rigorous review than that used to consider Defendant's Motion to Dismiss. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Matsushita Elect. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Thus, Defendant's motion to dismiss Plaintiff's claim for breach of contract is denied.

## C. Breach of the Duty of Good Faith and Fair Dealing

Defendant contends that Plaintiff's claim for a breach of the duty of good faith and fair dealing must be dismissed because Plaintiff cannot point to any portion of the contract that Defendant breached. Dkt. # 26, 10.

Under Washington law, "[t]here is in every contract an implied duty of good faith and fair dealing. This duty obligates the parties to cooperate with each other so that each may obtain the full benefit of performance." *Bushbeck v. Chicago Title Ins. Co.*, No. C08-0755JLR, 2010 WL 2262340, at *6 (W.D. Wash. June 1, 2010) (quoting *Badgett v. Sec. State Bank*, 116 Wash. 2d 563, 569, 807 P.2d 356 (1991)) (internal quotations omitted). However, "the duty of good faith does not extend to obligate a party to accept a material change in the terms of its contract. Nor does it inject substantive terms into the parties' contract. Rather, it requires only that the parties perform in good faith the obligations imposed by their agreement." *Id.* (quoting *Badgett*, 116 Wash. 2d at 569) (internal citations and quotation marks omitted).

Plaintiff alleges that Defendant charged Plaintiff for fees and expenses that were either not incurred or were overcharged. Dkt. # 14, Ex. 8 at 3. Taking Plaintiff's factual allegations as true, Plaintiff has alleged a claim for breach of good faith and fair dealing.

## D. Violations of Washington Consumer Protection Act ("CPA")

Defendant contends that Plaintiff's claim for violations of the CPA must be dismissed because Plaintiff has not pleaded sufficient facts to establish all of the required elements. Dkt. # 26, 10-11. In Washington, to "prevail in a private CPA claim the plaintiff must prove (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property; and (5) causation." *Panag v. Farmers Ins. Co. of Wash.*, 166 Wash. 2d 27, 37, 204 P.3d 885 (2009) (citing *Hangman Ridge Training*

1    *Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 784, 719 P.2d 531 (1986)). Defendant

2    contends that Plaintiff fails to sufficiently establish the first, third, and fourth elements.

3       1.   Unfair or Deceptive Act or Practice

4           Whether a particular act or practice is 'unfair or deceptive' is a question of law. *Panag*,

5    166 Wash. 2d at 47. A plaintiff need not show that the defendant intended to deceive, but only

6    that the alleged act had "the capacity to deceive a substantial portion of the public." *Id.*

7    "Deception exists 'if there is a representation, omission[,] or practice that is likely to mislead' a

8    reasonable consumer." *Id.* at 50 (quoting *Sw. Sunsites, Inc. v. Fed. Trade Comm'n*, 785 F.2d

9    1431, 1435 (9th Cir. 1986)). But, the "universe of 'unfair' business practices is broader than, and

10   encompasses, the universe of 'deceptive' business practices." *Id.* at 51. Thus, a deceptive act is

11   necessarily unfair; but, an unfair act is not necessarily deceptive. Acts are "unfair" if they cause

12   substantial injury that is "not outweighed by countervailing benefits to consumers or

13   competitors, and not reasonably avoidable by the consumer." *Id.*

14          Defendant contends Plaintiff's complaint does not establish that Defendant's actions were

15   either unfair or deceptive. Dkt. # 26, 11. Defendant asserts that this Court should dismiss

16   Plaintiff's claim and hold similarly to the courts in *Contos*, 2009 WL 1475017, at *10, and

17   *Sageser*, 2011 WL 6055421, at *3, which both dismissed the plaintiffs CPA claims on summary

18   judgment because the plaintiffs failed to establish that the closing fees charged in those cases

19   were unfair or deceptive. Dkt. # 26, 11-13. However, as previously noted, both of those cases

20   were decided on summary judgment. Additionally, the facts of both cases are distinguishable.

21          In *Contos*, the court found that the wire fees at issue were charged for wire transfers that

22   actually occurred. 2009 WL 1475017, at *10. Whereas here, Plaintiff alleges that the courier fee

23   was charged for a service that never occurred. Dkt. # 14, Ex. 8 at ¶13. In *Sageser*, the court

24   found that the allegedly deceptive conduct played no role in the plaintiff's decision to close the

transaction, in part, because the defendant informed the plaintiff that the fee was for defendant's benefit alone and was not a charge for government recording and transfer. 2011 WL 6055421, at *3. Here, Plaintiff alleges that Defendant listed charges that it either did not incur or were overcharged and that Defendant represented or implied that the fees were necessary to complete the transaction. Dkt. # 14, Ex. 8 at ¶34. Taken as true, Plaintiff's factual allegations sufficiently plead the element of deception and necessarily also plead the element of unfairness.

### 2. Affecting the Public Interest

Defendant contends that Plaintiff's CPA claim fails because the escrow relationship is a private transaction and does not affect the public interest. Dkt. # 26, 13.

In a private dispute, Washington has adopted the rule that the public interest is affected when there is a "likelihood that additional plaintiffs have been or will be injured in exactly the same fashion." *Hangman Ridge Training Stables, Inc.*, 105 Wash. 2d at 790. This is a factual inquiry where the Court must look at multiple factors including, but not limited to, (1) whether the acts occurred in the course of defendant's business, (2) whether the defendant advertizes to the public in general, and (3) whether the defendant and plaintiff occupy unequal bargaining positions. *Id.* at 791. Here, Plaintiff's factual allegations, when taken as true, sufficiently implicate the public interest.

### 3. Injury to a Person's Business or Property

To "establish injury and causation in a CPA claim, it is not necessary to prove one was actually deceived. [Rather,] [i]t is sufficient to establish the deceptive act or practice proximately caused injury to the plaintiff's 'business or property.'" *Panag*, 166 Wash. 2d at 63-64. Of course, if "the deceptive act actually induces a person to remand payment that is not owed" the act will constitute injury. *Id.* at 64.

1    Defendant contends that Plaintiff cannot show an injury that was proximately caused

2    from an unfair or deceptive act because Plaintiff cannot show an unfair or deceptive act occured.

3    Dkt. # 26, 13. Defendant's argument is without merit because, as previously discussed, Plaintiff

4    has adequately pleaded the elements of deception and unfairness.

5    **E.  Breach of Fiduciary Duty**

6    Defendant contends that Plaintiff's claim for a breach of fiduciary duty must be

7    dismissed because Plaintiff has pleaded no facts that show a breach of a duty owed to Plaintiff.

8    Dkt. # 26, 1.

9    An "escrow agent's duties and limitations are defined . . . by his instructions." *Denaxas v.*

10   *Sandstone Court of Bellevue, L.L.C.*, 148 Wash. 2d 654, 663, 63 P.3d 125 (2003) (quoting *Nat'l*

11   *Bank of Wash. v. Equity Investors*, 81 Wash. 2d 886, 910, 506 P.2d 20 (1973) ("*Equity*

12   *Investors*")). "The tasks in the instructions must be undertaken with 'ordinary skill and diligence,

13   and due or reasonable care.'" *Equity Investors*, 81 Wash. 2d at 910 (quoting 30A C.J.S. *Escrows*

14   § 8 (1965)). "In addition, the escrow agent, as fiduciary to all parties to the escrow 'must conduct

15   the affairs with which [it] is entrusted with scrupulous honesty, skill, and diligence.'" *Denaxas*,

16   148 Wash. 2d at 663 (quoting *Equity Investors*, 81 Wash. 2d at 910) (internal quotation and

17   citation omitted).

18   Plaintiff has alleged that Defendant breached its duty to act with scrupulous honesty,

19   skill, and diligence by charging unnecessary or excessive fees. Dkt. # 14, Ex. 8 at ¶37-39. Taking

20   Plaintiff's factual allegations as true, Plaintiff has alleged a claim for breach of fiduciary duty.

21   **F.  Unjust Enrichment**

22   Defendant contends that Plaintiff's claim for unjust enrichment must be dismissed

23   because Plaintiff's claim cannot stand given the existence of a contractual relationship between

24   the parties. Dkt. # 26, 15.

In Washington, "unjust enrichment is the method of recovery for the value of the benefit retained absent any contractual relationship because notions of fairness and justice require it." *Young v. Young*, 164 Wash. 2d 477, 484, 191 P.3d 1258 (2008). If a claim for liability arises out of the terms expressed in a written contract between the parties then the claim is contractual in nature and a claim of unjust enrichment is unavailable. *See Chandler v. Wash. Toll Bridge Auth.*, 17 Wash. 2d 591, 604, 137 P.2d 97 (1943); *Halver v. Welle*, 44 Wash. 2d 288, 290-93, 266 P.2d 1053 (1954). But, if the liability arises outside of the express terms of the contract a "quasi contract" is said to exist and the plaintiff may recover under a theory of unjust enrichment. *Young*, 164 Wash. 2d at 484. In order to recover for unjust enrichment a plaintiff must show that "(1) the defendant receive[d] a benefit, (2) the received benefit is at the plaintiff's expense, and (3) the circumstances make it unjust for the defendant to retain the benefit without payment." *Id.* at 484-85.

Washington courts recognize that where a payment is made in "violation of the terms of the written contract . . . the implied liability to repay does not arise out of a written instrument," rather, the "law in such cases [will imply] a liability to refund the illegal payment, and, if not refunded, an action will lie to recover the amount unjustly retained." *Halver*, 44 Wash. 2d at 292-93 (quoting *City of Seattle v. Walker*, 87 Wash. 609, 611, 152 P. 330 (1915)) (internal quotations omitted). Thus, "[w]here a party receives an overpayment on a written contract, his liability to repay such overpayment does not arise out of the contract under which the overpayment is made . . . but it arises from a duty imposed by law to repay an unjust and unmerited enrichment." *Id.* at 295.

1       Plaintiff alleges that Defendant charged Plaintiff for expenses and services that were

2  outside the express terms of the contract. Dkt. # 14, Ex. 8 at ¶11-13. Taking Plaintiff's factual

3  allegations as true, Plaintiff has alleged a claim for breach of fiduciary duty.

4                            **IV. CONCLUSION**

5       Having reviewed the relevant pleadings, the declarations and exhibits attached thereto,

6  and the remainder of the record, the Court hereby finds and ORDERS:

7      (1)  Defendant's Motion to Dismiss (Dkt. # 26) is DENIED, as set out above.

8      (2)  The Clerk is directed to forward a copy of this Order to plaintiffs and to all counsel

9         of record.

10     Dated September 21, 2012.

11

12

13                                RICARDO S. MARTINEZ

14                                UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24